

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 19, 1952

Hon. Ben Ramsey
Lieutenant Governor
Capitol Station
Austin, Texas

Opinion No. V-1525.

Re: Constitutionality of proposed legislation to reimburse the subsistence expenses of State employees while traveling on official business by a fixed per diem allowance.

Dear Sir:

Your request for an opinion of this office on the above subject reads in part as follows:

"The Legislative Budget Board is examining State laws concerning official travel by government employees, with the view of recommending to the 53rd Legislature any modifications that seem to be desirable.

"That examination has disclosed an element of 'hidden' expense in the present procedure of preparing and checking detailed expense account claims, and has led to a search for simpler and more effective means of reimbursing travel expenses. One proposal is to substitute a flat per diem subsistence allowance for the present plan of paying actual expenses up to $6.00 a day.

"In arriving at the per diem rate for subsistence allowance, we think the legislature could reasonably be expected to select a figure that fairly represents the average daily costs for meals and lodging incurred by state officials and employees while in travel status.

"The use of a fixed, average rate in lieu of reimbursing actual expenses up to a maximum might mean that in some instances an employee would receive reimbursement slightly in excess of actual expenses. In other instances the employee might receive less than actual expenses.

"1. Would the use of a flat, per diem rate for subsistence allowance be contrary to Article III, Sections 44 and 53 of the Texas Constitution?

"2. Would Article 1, Section 3; Article III, Section 51; Article XVI, Section 6; or any other provision of the Texas Constitution, deny validity to the use of a per diem rate for reimbursing subsistence expense incurred in official travel?"

The pertinent provisions of the Texas Constitution are as follows:

Article 1, Section 3:

"All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

Article III, Section 44:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant. or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State, unless authorized by pre-existing law."

Article III, Section 51:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporation whatsoever; . . ."

Article III, Section 53:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part . . ."

Article XVI, Section 6:

"No appropriation for private or individual purposes shall be made. . . ."

It is our understanding that the proposed legislation is to be in the form of a general law, leaving only rates of reimbursement and appropriated amounts for travel to be set forth in appropriation bills. Therefore, we do not deem it necessary to discuss the necessity for general legislation as a prerequisite to provisions in an appropriation bill or the validity of appropriation bill "riders" which alter the general law. In this connection your attention is invited to Attorney General Opinion V-1254 (1951).

The rule is fundamental that the Legislature can enact all laws not prohibited by the Constitution, either in express terms or by necessary implication. 1 Cooley on Constitutional Limitations (8th Ed.) 355; 9 Tex. Jur. 444, 446. If the Constitution does not restrain the Legislature from providing for reimbursement for travel expense in the proposed manner, then it is within the Legislature's power to enact such a statute.

Sections 44 and 53 of Article III of the Constitution prohibit the Legislature from providing "extra compensation" or "any extra compensation, fee or allowance" to an officer or employee after public service has been rendered. We do not understand that the proposed legislation is intended to be retroactive, so as to allow officers and employees additional reimbursement for subsistence expenses on travel performed before the passage of the statute. That being true, we do not think these constitutional provisions have any application, as they would relate only to allowances for services performed prior to the legislative authorization. See Dallas County v. Lively, 106 Tex. 364, 167 S.W. 219 (1914), and dissenting opinion by Mr. Justice Hawkins at p. 382; Jones

v. Veltmann, 171 S.W. 287 (Tex. Civ. App. 1914, error ref.); Turner v. Barnes, 19 S.W. 2d 325 (Tex. Civ. App. 1929), affirmed 27 S.W.2d 532 (Tex.Comm.App. 1930); Pierson v. Galveston County, 131 S.W.2d 27 (Tex.Civ.App. 1939). We therefore hold that the reimbursement provided by the proposed statute and the appropriation pursuant thereto will not be in contravention of these constitutional provisions, as it will operate only on future transactions between the State and its officers and employees and will not affect prior services.

Section 51, Article III of the Constitution prohibits the Legislature from making any grant of public moneys to any individual except for a public purpose. Section 3 of Article I condemns the granting of "public emoluments" except in consideration of public services. Per diem reimbursement would be invalid if construed as a gratuity or donation of public funds to an individual for private purposes. In Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738, 740 (1928), the court said:

> ". . . Without discussing in detail these provisions of the Constitution, it is sufficient to say each of them is intended to prevent the application of public funds to private purposes; in other words, to prevent the gratuitous grant of such funds to any individual, corporation, or purpose whatsoever. This limitation upon the power of the Legislature is a wholesome one and is plainly stated in unequivocal terms. It is academic to say the Legislature has power to pass any law which its wisdom suggests that is not forbidden by some provisions of the Constitution (federal or state). If the pension provided for in this act is a gratuity or donation to the beneficiary, it is clearly forbidden by the fundamental law. On the other hand, if it is a part of the compensation of such employee for services rendered to the city, or if it be for a public purpose, then clearly it is a valid exercise of the legislative power."

Unquestionably, an official or employee who is required to travel on official duty undertakes that travel in the performance of public services. There can be no question that reimbursement for actual and necessary expenses which the individual must incur because of hav-

ing to travel on official business is not a gratuity or
a grant of money for a private purpose. The per diem
rate of reimbursement under the propsoed bill would be
based on the average daily expense which officials and
employees could be reasonably expected to incur for meals
and lodgings. In some instances the actual reasonable
cost to the employee might be slightly less and in others
it might be slightly more than the rate allowed, but the
State's total output for subsistence would approximate
the actual necessary expenditures which its agents had
incurred. The question arises as to whether any excess
over the employee's actual expenditures would be a gra-
tuity to the employee.

In our opinion, such an excess would not be a
gratuity. The provisions for reimbursements are a part
of the terms on which the State contracts with its em-
ployees for their services in traveling on official
business. The employee by agreeing to accept the fixed
per diem rate relinquishes his right to reimbursement
for a possible excess over that amount in his actual,
reasonable expenses. This places the payment of the
fixed rate on a valid contractual basis, regardless of
whether the employee's actual expenses in any one day
are more or less than the per diem rate.

The passage of any piece of legislation is
presumed to be preceded by investigation and fact find-
ing by the Legislature. This serves as a reasonable
foundation for the subsequent law. Thus, in passing an
enactment of this character the Legislature would be fix-
ing the amount which would, according to its findings,
reasonably compensate State employees for expenses in-
curred while traveling on State's business. The Legis-
lature is prohibited from appropriating the public money
to other than strictly governmental purposes by Section
6, Article XVI of the Texas Constitution, but this pro-
hibition is not applicable here if the Legislature fixes
an amount which is reasonable repayment for expenses
arising when an officer or employee is away from his home
station.

### SUMMARY

It is within the constitutional authority
of the Legislature to reimburse subsistence ex-

penses of State employees while traveling on official business by a fixed per diem allowance.

Yours very truly,

APPROVED:

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

JFJ:df

PRICE DANIEL
Attorney General

By  J. Fred Jones
Assistant